IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTL INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-2356 (CFC) |
| | ) | |
| ALLERGAN USA, INC., | ) | |
| ALLERGAN, INC., ZELTIQ | ) | |
| AESTHETICS, INC., ZIMMER | ) | |
| MEDIZINSYSTEMS | ) | |
| CORPORATION and ZIMMER | ) | |
| MEDIZINSYSTEME GMBH, | ) | |
| | ) | |
| Defendants. | ) | |

## OPENING BRIEF IN SUPPORT OF ZIMMER MEDIZINSYSTEMS CORPORATION'S MOTION TO DISMISS THE COMPLAINT

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

OF COUNSEL:

Justin P.D. Wilcox
Kerri-Ann Limbeek
Karl Mullen
Jun Tong
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
(212) 351-3400

*Attorneys for Defendants Allergan USA, Inc., Allergan, Inc., Zeltiq Aesthetics, Inc., Zimmer MedizinSystems Corporation, and Zimmer MedizinSysteme GmbH*

April 17, 2020

## TABLE OF CONTENTS

Page

I.    NATURE AND STAGE OF THE PROCEEDINGS.......................................1

II.   SUMMARY OF THE ARGUMENT...............................................................2

III.  STATEMENT OF FACTS............................................................................3

      A.    BTL's Allegations. ...............................................................................3

      B.    Zimmer USA Has No Place Of Business Or Operations In
            Delaware...............................................................................................4

      C.    Zimmer USA Is Not Involved In Any Activities Relating To
            The Accused Products. ..........................................................................5

IV.   ARGUMENT...............................................................................................5

      A.    BTL's Complaint Against Zimmer USA Should Be Dismissed
            Because Venue Is Improper In Delaware...............................................5

            1.    Governing Law On Venue. ..........................................................5

            2.    Venue Is Improper Under 28 U.S.C. § 1400(b) Because
                  Zimmer USA Does Not Reside, Does Not Have A
                  Regular and Established Place of Business, And Does
                  Not Perform Infringing Acts In This District. ............................6

      B.    BTL's Complaint Should Be Dismissed For Lack Of Personal
            Jurisdiction Over Zimmer USA. ............................................................9

            1.    Governing Law On Personal Jurisdiction. ..................................9

            2.    The Court Does Not Have Personal Jurisdiction Over
                  Zimmer USA.............................................................................11

                  i.     Zimmer USA Is Not Subject To General Personal
                         Jurisdiction In This District. ...........................................12

                  ii.    Zimmer USA Is Not Subject To Specific Personal
                         Jurisdiction In This District. ...........................................15

     C.     BTL's Complaint Should Be Dismissed For Failure To State A Claim And For Lack Of Subject Matter Jurisdiction Because It Fails To Plausibly Allege Facts Sufficient For Standing. ................... 19

V.     CONCLUSION ............................................................................. 19

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acorda Therapeutics, Inc. v. Mylan Pharm. Inc.*,
  78 F. Supp. 3d 572 (Fed. Cir. 2016) ............................................................14

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
  689 F.3d 1358 (Fed. Cir. 2012) ....................................................................11

*Akro Corp. v. Luker*,
  45 F.3d 1541 (Fed. Cir. 1995) ......................................................................17

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
  566 F.3d 1012 (Fed. Cir. 2009) ......................................................................9

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*,
  137 S. Ct. 1773 (2017)..................................................................................15

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)....................................................................... 10, 12, 13

*Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*,
  297 F.3d 1343 (Fed. Cir. 2002) ....................................................................17

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011)....................................................................... 10, 13

*Grober v. Mako Prod., Inc.*,
  686 F.3d 1335 (Fed. Cir. 2012) ....................................................................18

*Hanson v. Denckla*,
  357 U.S. 235 (1958)......................................................................................17

*In re Cray*,
  871 F.3d 1355 (Fed. Cir. 2017) ..................................................................6, 7

*In re ZTE (USA) Inc.*,
  890 F.3d 1008 (Fed. Cir. 2018) ......................................................................5

Page(s)

*Inno360, Inc. v. Zakta, LLC*,
    50 F. Supp. 3d 587 (D. Del. 2014) ......................................... 10, 15

*Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*,
    326 U.S. 310 (1945).......................................................................10

*J. McIntyre Mach., Ltd. v. Nicastro*,
    564 U.S. 873 (2011).............................................................. 17, 18

*Merck & Co. v. Barr Labs., Inc.*,
    179 F. Supp. 2d 368 (D. Del. 2002) .............................................14

*Papst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp.*,
    126 F. Supp. 3d 430 (D. Del. 2015) ...............................................8

*Pieczenik v. Dyax Corp.*,
    265 F.3d 1329 (Fed. Cir. 2001) ....................................................11

*Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*,
    819 F.2d 434 (3d Cir. 1987) .........................................................11

*Rush v. Savchuk*,
    444 U.S. 320 (1980)......................................................................17

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
    137 S. Ct. 1514 (2017)....................................................................6

*Walden v. Fiore*,
    1134 S. Ct. 1115 (2014).................................................. 10, 16, 18

*Westech Aerosol Corp. v. 3M Co.*,
    927 F.3d 1378 (Fed. Cir. 2019) ......................................................6

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980)........................................................... 10, 18

**Statutes**

10 Del. C. § 3104 .................................................... 9, 12, 15, 16

28 U.S.C. § 1391 ..........................................................................4, 6

28 U.S.C. § 1400.................................................................... 4, 5, 6

Page(s)

35 U.S.C. § 284 .................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 12 .................................................................................... *passim*

## I.   NATURE AND STAGE OF THE PROCEEDINGS

On December 26, 2019, Plaintiff BTL Industries, Inc. ("BTL") filed this action against Defendants Allergan plc ("Allergan"), Allergan USA, Inc. ("Allergan USA"), Zeltiq Aesthetics, Inc. ("Zeltiq USA"), Zeltiq Ireland Unlimited Company ("Zeltiq Ireland"), Zimmer MedizinSystems Corporation ("Zimmer USA"), and Zimmer MedizinSysteme GmbH ("Zimmer") (collectively, "Defendants"), asserting induced, contributory, and willful infringement of U.S. Patent Nos. 10,478,634 and 10,493,293 (the "Patents-in-Suit"), and requesting enhanced damages under 35 U.S.C. § 284.  (D.I. 1 ("Complaint").)  On April 6, 2020, the Court entered a stipulation, dismissing the Complaint against Allergan and Zeltiq Ireland and adding Allergan, Inc. as a defendant.  (D.I. 13.)  On April 6, 2020, Defendants Allergan USA, Allergan, Inc., and Zeltiq USA moved to dismiss the Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(1), and for failure to state a claim upon which relief can be granted under Rule 12(b)(6).  (D.I. 15.)  Defendant Zimmer USA now moves to dismiss the Complaint for improper venue under Rule 12(b)(3), for lack of personal jurisdiction under Rule 12(b)(2), for lack of subject matter jurisdiction under Rule 12(b)(1), and for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

1

## II.   **SUMMARY OF THE ARGUMENT**

1.      Venue is improper in this District with respect to Zimmer USA.  BTL does not and cannot allege that Zimmer USA either resides in the District—it is not incorporated in Delaware—or that it has a regular and established place of business in the District.   Additionally, BTL has not alleged that Zimmer USA has committed acts of infringement in the District.   In fact, Zimmer USA has not performed any actions relating to the accused products at all, let alone in the District.  As a result, the Complaint should be dismissed under Rule 12(b)(3).

2.      This Court lacks personal jurisdiction over Zimmer USA, a California corporation with a principal place of business in Irvine, California.  BTL alleges that Zimmer USA "has purposefully imported the CoolTone[TM] device knowing that it will be sold and used in Delaware, made those products available for sale in Delaware through an established distribution chain, and BTL's cause of action for patent infringement arises out of these activities."   (Complaint ¶ 20.)   That is incorrect.  Zimmer USA does not import the accused CoolTone[TM] device into the United States; in fact, it is not involved in any aspect of the manufacture or distribution of the accused CoolTone[TM] product at all.   Nor does it have any relevant jurisdictional contacts with Delaware.   Thus, the Court should dismiss BTL's claims against Zimmer USA under Rule 12(b)(2) for lack of personal jurisdiction.

3.     The Court should dismiss the Complaint for lack of subject matter jurisdiction because BTL, the purported exclusive licensee of the two Patents-in-Suit, has not alleged sufficient facts to plausibly establish that it has all substantial rights necessary to file suit on its own without joining the patent owners.

4.     The Court should dismiss BTL's claims of induced infringement, contributory infringement, and willfulness-based enhanced damages because BTL fails to set forth sufficient factual allegations to plausibly state a claim for relief.

## III.   STATEMENT OF FACTS

### A.     BTL's Allegations.

This case involves medical aesthetic devices—CoolTone$^{TM}$ and CoolSculpting$^®$.  (Complaint ¶ 55.)   Counts I and II of the Complaint allege that all Defendants: (1) induce infringement by "making, using, offering to sell, selling, or importing the CoolTone$^{[TM]}$ device in the United States and encouraging their customers to use the [CoolTone$^{TM}$] device in a manner that directly infringes;" and (2) contributorily infringe by "offering to sell, selling, or importing the CoolTone$^{[TM]}$ device in the United States" for such use.  (*Id.* ¶¶ 61, 62, 67, 68.)

BTL alleges that this Court has personal jurisdiction over Zimmer USA, because "upon information and belief, acting in concert with the other Defendants, Zimmer USA has purposefully imported the CoolTone$^{[TM]}$ device knowing that it will be sold and used in Delaware, made those products available for sale in

3

Delaware through an established distribution chain, and BTL's cause of action for patent infringement arises out of these activities." (*Id.* ¶ 20.) BTL also alleges that "[o]n information and belief, Zimmer USA has derived, and will derive, substantial revenue from the sale of the CoolTone[TM] device in Delaware." (*Id.*) BTL does not allege that Zimmer USA has any specific connections to this forum.

BTL's sole allegation with respect to venue is not specific to any defendant: "[v]enue is proper in this District under 28 U.S.C. § 1400 and 28 U.S.C. § 1391." (*Id.* ¶ 22.) BTL acknowledges that "Zimmer USA is a privately held corporation with its principal place of business at 3 Goodyear, Suite B, Irvine, California 92618." (*Id.* ¶ 7.) BTL does not and cannot allege that Zimmer USA maintains a place of business in the District.

### B.    Zimmer USA Has No Place Of Business Or Operations In Delaware.

Zimmer USA is a California corporation headquartered in Irvine, California. (Affidavit of Robert J. Wilber In Support Of Defendant Zimmer MedizinSystemes Corporation's Motion To Dismiss, filed concurrently herewith, ("Wilber Decl.") ¶ 3.) It does not now conduct, nor has it ever conducted, any business operations in Delaware. (*Id.* ¶ 4.) Zimmer USA does not lease or own any offices or facilities in Delaware. (*Id.*) It has no employees in Delaware, and it does not send agents to solicit or conduct business in Delaware. (*Id.*) In addition, Zimmer USA has never: (1) been registered to do business in Delaware; (2) maintained a registered agent

for service of process in Delaware; or (3) filed any lawsuit in state or federal court in Delaware.  (*Id.* ¶ 5.)  Zimmer USA's Delaware revenue comprised 0.06% of total revenue in 2019 and 0.15% of total revenue in 2018.  (Wilber Decl. ¶ 6.)

### C.   Zimmer USA Is Not Involved In Any Activities Relating To The Accused Products.

Zimmer USA has never manufactured, imported, distributed, marketed, promoted, or sold the accused CoolTone$^{TM}$ or CoolSculpting$^{®}$ devices in the United States or anywhere else in the world.  (Wilber Decl. ¶ 7.)  Zimmer USA is not involved in any activities related to either accused product.  (*Id.*)  Zimmer USA does not receive any revenue from the sale of the accused CoolTone$^{TM}$ or CoolSculpting$^{®}$ devices in Delaware or anywhere else in the United States or the world.  (*Id.*)

## IV.   ARGUMENT

### A.   BTL's Complaint Against Zimmer USA Should Be Dismissed Because Venue Is Improper In Delaware.

#### 1.   Governing Law On Venue.

The plaintiff bears the burden of establishing venue under 28 U.S.C. § 1400(b).  *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).  Section 1400(b) permits venue in a patent suit only "in the judicial district [1] where the defendant resides, or [2] the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).  "[A] domestic corporation 'resides' only in its state of incorporation for purposes of the patent

venue statute." *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1517 (2017).   To meet the "regular and established place of business" requirement, plaintiff must allege: (1) a physical place in the district; (2) that is a regular and established place of business; and (3) that is the place of the defendant." *In re Cray*, 871 F.3d 1355, 1362-63 (Fed. Cir. 2017).

### 2. Venue Is Improper Under 28 U.S.C. § 1400(b) Because Zimmer USA Does Not Reside, Does Not Have A Regular and Established Place of Business, And Does Not Perform Infringing Acts In This District.

BTL's sole allegation with respect to venue—that "[v]enue is proper in this District under 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391"—is legally insufficient on its face.  (Complaint ¶ 22.)  That allegation is not specific to any defendant and lacks any factual basis.  *See Westech Aerosol Corp. v. 3M Co.*, 927 F.3d 1378, 1382 (Fed. Cir. 2019) ("[T]o parrot the language of § 1400(b) … amounts to a mere legal conclusion that the court is not bound to accept as true.").  Moreover, venue is improper in this District for BTL's claims against Zimmer USA because: (1) Zimmer USA does not "reside" in Delaware; (2) Zimmer USA has no "regular and established place of business" in Delaware; and (3) Zimmer USA has committed no alleged acts of infringement in Delaware.

Zimmer USA is incorporated in California and thus resides only in California.  (Wilber Decl. ¶ 3; Complaint ¶ 7); *TC Heartland*, 137 S. Ct. at 1517.  Accordingly, to establish venue in this District under U.S.C. § 1400(b), BTL must

show that Zimmer USA (1) has committed acts of infringement here, and (2) has a regular and established place of business here.  BTL has not and cannot establish either.

First, BTL does not allege that Zimmer USA has a "regular and established place of business" in Delaware.  In fact, Zimmer USA does not lease or own any offices or facilities in Delaware, and it has no employees in Delaware.  (Wilber Decl. ¶ 4.)  Because Zimmer USA does not have a "regular and established place of business" in Delaware, venue is improper on that basis alone.  *Cray*, 871 F.3d at 1362.

Second, BTL does not and cannot allege Zimmer USA "has committed acts of infringement" in this District.  The Complaint alleges that all Defendants: (1) induce infringement by "making, using, offering to sell, selling, or importing the CoolTone[TM] device in the United States and encouraging their customers to use the [CoolTone[TM]] device in a manner that directly infringes;" and (2) contributorily infringe by "offering to sell, selling, or importing the CoolTone[TM] device in the United States" for such use.  (Complaint ¶¶ 61, 62, 67, 68.)  But Zimmer USA has never made, used, offered to sell, sold, or imported the accused CoolTone[TM] devices anywhere in the world, let alone in Delaware.  (Wilber Decl. ¶ 7.)  In fact, Zimmer USA has no involvement whatsoever with the

CoolTone[TM] product line.  (*Id*.)  And Zimmer USA does not now conduct, nor has it ever conducted, any business operations in Delaware of any kind.  (*Id.* ¶ 4.)

Moreover, even if BTL's allegations that Zimmer USA "acting in concert with the other Defendants, has purposefully imported the CoolTone[TM] device" and that customers in Delaware use that device were correct, which they are not, they still fail to establish venue in this District.  For BTL's claims in this suit— induced and contributory patent infringement based on use by customers (*see* Complaint ¶¶ 61, 62, 67, 68, 55)—it is the location of Zimmer USA's alleged actions—not the location of the alleged underlying infringement by customers— that controls for venue purposes.  *See, e.g., Papst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp*., 126 F. Supp. 3d 430, 439 (D. Del. 2015) (finding that an indirect infringement claim arose in the Northern District of California where defendants developed and used the accused technology and not in Delaware where customers allegedly used the infringing methods).  Because BTL does not and cannot establish that any of Zimmer USA's allegedly infringing acts took place in Delaware, venue is improper in this District.

Therefore, the Court should dismiss BTL's claims against Zimmer USA for improper venue under Rule 12(b)(3).

**B.     BTL's Complaint Should Be Dismissed For Lack Of Personal Jurisdiction Over Zimmer USA.**

**1.     Governing Law On Personal Jurisdiction.**

Rule 12(b)(2) directs the court to dismiss a case when the court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). Courts may exercise personal jurisdiction over an out-of-state defendant only if (1) jurisdiction is available under the forum state's long-arm statute, and (2) the exercise of jurisdiction over the defendant comports with due process. *See Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009) (applying Federal Circuit law on the issue of personal jurisdiction).

The Delaware Long-Arm statute provides, in pertinent part, that a court may exercise personal jurisdiction over a party that:

(1)     Transacts any business or performs any character of work or service in the State;

(2)     Contracts to supply services or things in this State;

(3)     Causes tortious injury in the State by an act or omission in this State;

(4)     Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

(5)     Has an interest in, uses or possesses real property in the State.

10 Del. C. § 3104(c). The first, second, third, and fifth, subsections of Delaware's Long-Arm statute require a showing of specific jurisdiction, while the fourth

9

subsection requires a showing of general jurisdiction. *Inno360, Inc. v. Zakta, LLC*, 50 F. Supp. 3d 587, 593 (D. Del. 2014). "[G]eneral jurisdiction requires affiliations 'so continuous and systematic as to render [the foreign corporation] essentially at home in the forum State.' *i.e.*, comparable to a domestic enterprise in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 133 n.11 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "Specific or case-linked jurisdiction depends on an affiliation between the forum and the underlying controversy (*i.e.*, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation)." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 n.6 (2014) (internal quotations and alteration omitted).

To comport with due process, a foreign entity must have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*,  326 U.S. 310, 316 (1945). The plaintiff must therefore show that the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State," so that it should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

"Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction." *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987); *Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001). If the defendant submits declarations or other evidence refuting jurisdictional allegations, as Zimmer has done here, a court cannot accept the "bare formulaic accusation[s]" of the complaint as true, and the plaintiff must submit declarations or other evidence sufficient to create a factual dispute regarding forum-state contacts. *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1365 (Fed. Cir. 2012).

### 2.    The Court Does Not Have Personal Jurisdiction Over Zimmer USA.

Zimmer USA lacks sufficient contacts with Delaware for this Court to exercise personal jurisdiction—either general or specific—over it. As set forth in the declaration of Robert J. Wilber, Zimmer USA's President, Zimmer USA does not have continuous and systematic contacts with Delaware; nor is it involved in any aspect of the manufacture, import, or distribution of the CoolTone$^{TM}$ and CoolSculpting$^{®}$ devices. Moreover, even if BTL's boilerplate and conclusory allegations were correct, they fail to establish either (1) the continuous and systematic contacts necessary to establish general personal jurisdiction over

11

Zimmer USA, or (2) that this case arises out of or relates to Zimmer USA's contacts with Delaware to establish specific personal jurisdiction over Zimmer.

### i.   Zimmer USA Is Not Subject To General Personal Jurisdiction In This District.

Zimmer USA lacks the requisite contacts to support general jurisdiction under Delaware's Long-Arm statute or the Due Process Clause.   Pursuant to Delaware's Long-Arm statute, general jurisdiction requires that a defendant "regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State."   10 Del. C. § 3104(c)(4).   When a defendant, such as Zimmer USA, is neither incorporated nor headquartered in the forum state, it may be subject to general personal jurisdiction in that forum only in "an exceptional case." *Daimler*, 571 U.S. at 139.   This is not such a case.

Zimmer USA does not have any relevant contacts with Delaware, much less contacts sufficient for this Court to exercise general personal jurisdiction over it.   It is a California corporation that is headquartered in Irvine, California.   (Wilber Decl. ¶ 3.)   Zimmer USA also does not have any physical presence in Delaware.   It does not lease or own any offices, or any other facilities, in Delaware.   (*Id.* ¶ 4.) And Zimmer USA has no employees in Delaware, nor any agents that do business in Delaware.   (*Id.*)   It is not registered to conduct business, and does not conduct business operations, in Delaware.   (*Id.* ¶ 5.)   Nor has Zimmer USA availed itself of

the courts in this District.  (*Id.*)  Finally, Zimmer has no corporate filings on record with the Delaware Secretary of State; nor has it designated an agent for service of process in Delaware.  (*Id.*)

BTL has not pled ***any*** specific contact that Zimmer USA has with Delaware, much less the "continuous and systematic" contacts required to render Zimmer "essentially at home" in Delaware, and thus subject to general jurisdiction. *Daimler*, 571 U.S. at 122.  First, BTL alleges that "upon information and belief, acting in concert with the other Defendants, Zimmer USA has purposefully imported the CoolTone[TM] device knowing that it will be sold and used in Delaware, made those products available for sale in Delaware through an established distribution chain, and BTL's cause of action for patent infringement arises out of these activities."  (Complaint ¶ 20.)  But, even if that stream of commerce allegation were correct, it would not support general personal jurisdiction over Zimmer USA in this District.[1]  *See Goodyear*, 564 U.S. at 920 (holding that putting products into the "stream of commerce" that eventually reach the forum state cannot "establish the 'continuous and systematic' affiliation" required to show general personal jurisdiction").

Second, BTL alleges that "[o]n information and belief, Zimmer USA has derived, and will derive, substantial revenue from the sale of the CoolTone[TM]

---

[1] As discussed in Section IV.B.2.ii., BTL's allegation is inaccurate, and thus also does not support specific personal jurisdiction over Zimmer USA.

device in Delaware." (Complaint ¶ 20.) That allegation is not accurate. Zimmer does not receive any revenue related to the sale of the accused CoolTone$^{TM}$ devices in Delaware or anywhere else in the world. (Wilber Decl. ¶ 7.)[2] Moreover, a corporation is not subject to general personal jurisdiction in every state in which it generates revenue. Instead, a general jurisdiction analysis holistically considers the comparative revenue that a defendant derives in the state as a portion of its total revenue. *See Merck & Co. v. Barr Labs., Inc.*, 179 F. Supp. 2d 368, 373 (D. Del. 2002). But BTL does not even attempt to parse Zimmer USA's alleged Delaware revenue as a percentage of its total revenue.[3]

In short, BTL's allegations fail to establish a *prima facie* case of general jurisdiction over Zimmer USA. Far from "an exceptional case" where the exercise of general personal jurisdiction would be appropriate, Zimmer USA lacks a continuous and systematic affiliation with Delaware. *See, e.g.*, *Acorda Therapeutics, Inc. v. Mylan Pharm. Inc.*, 78 F. Supp. 3d 572, 583 (Fed. Cir. 2016) (holding that it was not an "exceptional case" where "Plaintiffs do not articulate

---

[2] BTL does not allege that Zimmer receives revenue from the sale of the accused CoolSculpting® devices in Delaware. In fact, Zimmer does not receive any such revenue in Delaware, the United States, or anywhere else in the world. (*Id.* ¶ 7.)

[3] Zimmer USA does not derive substantial revenue in Delaware. Zimmer USA's Delaware revenue comprised 0.06% of total revenue in 2019 and 0.15% of total revenue in 2018. (Wilber Decl. ¶ 6.) That insubstantial Delaware revenue does not warrant an exercise of general jurisdiction over Zimmer USA. *Merck*, 179 F. Supp. 2d at 373 (holding that "Delaware revenue[] comprising less than 0.13% of total revenue[] is not substantial enough to warrant an exercise of general jurisdiction.").

any persuasive basis for finding [defendants] to have ***operations*** in Delaware of such a type and extent as to render either corporation 'at home' in Delaware"). Thus, no basis exists to exercise general jurisdiction over Zimmer USA in Delaware.

### ii.    Zimmer USA Is Not Subject To Specific Personal Jurisdiction In This District.

"Specific jurisdiction arises when a defendant has both purposefully directed its activities at residents of the forum state and the action arises from, or is directly related to, the defendant's action within the forum state." *Inno360*, 50 F. Supp. 3d at 594.   The Court lacks specific jurisdiction over Zimmer USA in this action because "this suit does not arise out of or relate to [Zimmer USA]'s contacts with the forum."   *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017).

Zimmer has no relevant suit-related contacts that would subject it to specific jurisdiction under Delaware's Long-Arm statute.   Zimmer USA does not "[t]ransact[] any business or perform[] any character of work or service in the State," (10 Del. C. § 3104(c)(1)); "[c]ontract[] to supply services or things in this State," (10 Del. C. § 3104(c)(2)); or "[c]ause[] tortious injury in the State by an act or omission in this State" (10 Del. C. § 3104(c)(3)).   Zimmer USA similarly does not lease or own any offices or facilities in Delaware (Wilber Decl. ¶ 4), and

therefore does not "[h]a[ve] an interest in, use[] or possess[] real property in the State."  10 Del. C. § 3104(c)(5).

Nor does Zimmer USA have any contacts related to this suit that would subject it to specific jurisdiction.  Zimmer USA has not taken *any* action within Delaware (or anywhere else in the world) that relates to the allegations in this suit. Zimmer USA has never manufactured, imported, distributed, marketed, promoted, nor sold the accused CoolTone[TM] or CoolSculpting® devices in the United States or anywhere else in the world.  (Wilber Decl. ¶ 7.)  Indeed, Zimmer USA is not involved in any activities relating to either accused product.  (*Id*.)  Nor does Zimmer USA receive any revenue related to the sale of the accused CoolTone[TM] or CoolSculpting® devices in Delaware or anywhere else.  (*Id*.)  Accordingly, Delaware's Long-Arm statute does not permit specific jurisdiction over Zimmer USA in this District.  *See Walden*, 134 S. Ct. at 1121, 1123.

Furthermore, exercising specific jurisdiction over Zimmer USA in Delaware would violate the Due Process Clause.  With respect to specific jurisdiction, the Federal Circuit has articulated "three factors for determining whether the exercise of personal jurisdiction over an out-of-state defendant comports with due process[]: 1) whether the defendant 'purposefully directed' its activities at residents of the forum; 2) whether the claim 'arises out of or relates to' the defendant's activities in the forum; and 3) whether the exercise of jurisdiction is

'reasonable and fair.'" *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1351 (Fed. Cir. 2002) (quoting *Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995)). But BTL's vague allegations, which aggregate the intent and activities of all the Defendants, are insufficient to establish jurisdiction over Zimmer USA consistent with due process. (Complaint ¶ 20 ("***acting in concert with the other Defendants***, Zimmer USA has . . .) (emphasis added)); *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980) (holding that it is "plainly unconstitutional" and inconsistent with *International Shoe* to attribute one defendant's in-state contacts to another "by considering the 'defending parties' together and aggregating their forum contacts . . . ."). Moreover, BTL's conclusory allegations fail to establish that any of the three factors are present here.

First, BTL's allegations fail to establish that Zimmer USA has ever had ***any*** business activities in Delaware, much less any activities from which BTL's infringement claim arises or relates. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 877 (2011) ("As a general rule, the exercise of judicial power is not lawful unless the defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'") (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). As explained above, Zimmer plays no role in the manufacture, import, or

distribution of the accused CoolTone<sup>TM</sup> products (or the accused CoolSculpting®

products) at all.  (Wilber Decl. ¶ 7.)

Second, BTL's allegations fail to establish that Zimmer USA "purposefully

directs" its activities at residents of the forum.  Specific personal jurisdiction is

proper only if a defendant "target[s] the [forum state] market."  *Grober v. Mako

Prod., Inc.*, 686 F.3d 1335, 1347 (Fed. Cir. 2012).  Here, BTL has not alleged, nor

could it, that Zimmer USA has "targeted" Delaware for sales of CoolTone<sup>TM</sup> or

CoolSculpting® because Zimmer USA is not involved with those product lines at

all; it does not market or sell the accused products to customers anywhere in the

world, let alone in this District.  (Wilber Decl. ¶ 7); *Grober*, 686 F.3d at 1347; *see

J. McIntyre Mach., Ltd.*, 564 U.S. at 877.

Finally, exercising personal jurisdiction over Zimmer USA would "offend

traditional notions of fair play and substantial justice."  *Walden*, 134 S. Ct. at 1121.

As explained above, Zimmer USA has no ties to Delaware and has performed no

acts relating to the accused products in Delaware or anywhere else in the United

States or the world.  Thus, Zimmer USA could not have reasonably anticipated

being haled into court here.  *See World-Wide Volkswagen*, 444 U.S. at 297.

Accordingly, the exercise of specific jurisdiction over Zimmer USA in Delaware in

this case would violate the Due Process Clause.

**C.**   **BTL's Complaint Should Be Dismissed For Failure To State A Claim And For Lack Of Subject Matter Jurisdiction Because It Fails To Plausibly Allege Facts Sufficient For Standing.**

For the reasons set forth in Allergan USA's, Allergan, Inc.'s, and Zeltiq USA's Motion to Dismiss the Complaint, the Court should also dismiss BTL's Complaint under Rule 12(b)(6) for failing to state a claim, and under Rule 12(b)(1) for lack of subject matter jurisdiction due to BTL's failure to adequately plead facts sufficient for standing.  (*See* D.I. 15, 16.)

## V.   <u>CONCLUSION</u>

Defendant Zimmer USA respectfully requests that the Court dismiss BTL's Complaint against it.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

OF COUNSEL:

Justin P.D. Wilcox
Kerri-Ann Limbeek
Karl Mullen
Jun Tong
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
(212) 351-3400

April 17, 2020

*Attorneys for Defendants Allergan USA, Inc., Allergan, Inc., Zeltiq Aesthetics, Inc., Zimmer MedizinSystems Corporation, and Zimmer MedizinSysteme GmbH*

## <u>WORD COUNT CERTIFICATION</u>

The undersigned counsel hereby certifies that the foregoing document contains 4,368 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font.  The word count includes only the body of the letter.  The word count does not include the cover page, tables of contents and authorities, or the counsel blocks.

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 17, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 17, 2020, upon the following in the manner indicated:

Karen E. Keller, Esquire                                    *VIA ELECTRONIC MAIL*
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiff*

J.C. Rozendaal, Esquire                                    *VIA ELECTRONIC MAIL*
Michael E. Joffre, Esquire
Chandrika Vira, Esquire
Anna G. Phillips, Esquire
STERNE, KESSLER, GOLDSTEIN
    & FOX P.L.L.C.
1100 New York Avenue, NW, Suite 600
Washington, DC  20005
*Attorneys for Plaintiff*

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)