IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BTL INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-2356 (CFC) |
| | ) |
| ALLERGAN USA, INC., | ) **PUBLIC VERSION** |
| ALLERGAN, INC., ZELTIQ | ) |
| AESTHETICS, INC. and ZIMMER | ) |
| MEDIZINSYSTEME GMBH, | ) |
| | ) |
| Defendants. | ) |

### REPLY BRIEF IN SUPPORT OF ALLERGAN USA, INC., ALLERGAN, INC., AND ZELTIQ AESTHETICS, INC.'S <u>MOTION TO DISMISS THE COMPLAINT</u>

OF COUNSEL:

Justin P.D. Wilcox
Kerri-Ann Limbeek
Karl Mullen
Jun Tong
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

*Attorneys for Defendants*

**Confidential Version Filed: May 18, 2020**
**Public Version Filed: May 22, 2020**

TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................1

II. ARGUMENT ......................................................................................................2

    A. BTL Fails To State A Claim For Induced Or Contributory Infringement Or For Willfulness-Based Enhanced Damages. ...............2

        1. BTL Fails To Plausibly Plead Underlying Direct Infringement. ..............................................................................2

        2. BTL Fails To Plausibly Plead The Requisite Knowledge For Indirect Or Willful Infringement. .................................5

        3. BTL Fails To Plausibly Plead The Additional Elements Of Induced And Contributory Infringement. ..................................8

    B. BTL Lacks Standing Because The Exclusive License It Relies Upon Is Invalid For Lack Of Consideration. .........................................9

III. CONCLUSION ................................................................................................11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Align Tech., Inc. v. 3Shape A/S*,
    339 F. Supp. 3d 435 (D. Del. 2018) .........................................................5, 6

*BioMérieux, S.A. v. Hologic, Inc.*,
    No. 18-21 (LPS), 2018 WL 4603267 (D. Del. Sept. 25, 2018) ......................8

*Boston Scientific Corp. v. Nevro Corp.*,
    415 F. Supp. 3d 482 (D. Del. 2019) .........................................................4, 7

*Brewster Wallcovering Co. v. Blue Mountain Wallcoverings, Inc.*,
    864 N.E. 2d 518 (Mass. App. 2007) ..............................................................9

*California Inst. of Computer Assisted Surgery Inc. v. Med-Surgical Servs., Inc.*,
    No. C 10-05067 CS, 2011 WL 672709 (N.D. Cal. Feb. 16, 2011) .................6

*DermaFocus LLC v. Ulthera, Inc.*,
    201 F. Supp. 3d 465 (D. Del. 2016) ..............................................................5

*Disc Disease Solutions Inc. v. VGH Solutions, Inc.*,
    888 F.3d 1256 (Fed. Cir. 2018) .....................................................................4

*Election Sys. & Software, LLC v. Smartmatic USA Corp.*,
    No. 18-1259-RGA, 2019 WL 1040541 (D. Del. Mar. 5, 2019).......................5

*Express Mobile, Inc. v. Liquid Web, LLC*,
    Nos. 18-1177-RGA et al., 2019 WL 1596999 (D. Del. Apr. 15, 2019)..........4

*Genedics, LLC v. Meta Co.*,
    No. 17-1062-CJB, 2018 WL 3991474 (D. Del. Aug. 21, 2018) .....................4

*The Johns Hopkins Univ. v. Datascope Corp.*,
    543 F.3d 1342 (Fed. Cir. 2008) .....................................................................3

*Modern Telecom Sys., LLC v. TCL Corp.*,
    No. 17-583-LPS-CJB, 2017 WL 6524526 (D. Del. Dec. 21, 2017) ..............5

*MONEC Holding AG v. Motorola Mobility, Inc.*,
    897 F. Supp. 2d 225 (D. Del. 2012) ...............................................................6

*Mullins v. Colonial Farms Ltd.*,
    95 Mass. App. Ct. 1105 (2019) ....................................................................10

*Nalco Co. v. Chem-Mod, LLC*,
    883 F.3d 1337 (Fed. Cir. 2018) ......................................................................9

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
    No. 13-2052-LPS, 2014 WL 4675316 (D. Del. Sept. 19, 2014).....................7

*Novatel Wireless, Inc. v. Franklin Wireless Corp.*,
    2012 WL 12845615 (S.D. Cal. July 19, 2012)................................................6

*Recro Gainesville LLC v. Actavis Labs. FL, Inc.*,
    No. 14-1118-GMS, 2017 WL 1064883 (D. Del. Feb. 24, 2017) ....................3

*Rhodes Pharm. L.P. v. Indivior, Inc.*,
    No. 16-1308, 2018 WL 326405 (D. Del. Jan. 8, 2018)...................................9

*Street Search Partners, L.P. v. Ricon Intern. LLC*,
    C.A. No. 04C-09-191-PLA, 2006 WL 1313859 (Del. Super. Ct. May 12,
    2006) ..............................................................................................................10

*SuperInterconnect Techs. LLC v. HP Inc.*,
    No. 19-169-CFC, 2019 WL 6895877 (D. Del. Dec. 18, 2019)...................2, 3

*Visioneer, Inc. v. KeyScan, Inc.*,
    626 F. Supp. 2d 1018 (N.D. Cal. 2009).........................................................10

*VLSI Tech. LLC v. Intel Corp.*,
    No. 18-966-CFC, 2019 WL 1349468 (D. Del. March 26, 2019)...................7

I.     **INTRODUCTION**

BTL's Opposition—like its Complaint—largely ignores the Patents-in-Suit and instead attempts to advance an entirely unsupported narrative that Defendants improperly copied BTL's Emsculpt device.  (D.I. 30 ("Opp.") 1.)  Contrary to its baseless accusations, BTL's own exhibits *differentiate* the technology in Defendants' innovative CoolTone™ device from that product.  In any event, comparisons between the accused devices and BTL's Emsculpt product are irrelevant to whether Defendants infringe the Patents-in-Suit:  the proper analysis compares the accused product to the asserted claims—not to a supposed commercial embodiment.  Thus, BTL's reliance on that improper comparison underscores the dearth of factual allegations regarding direct infringement.

BTL's arguments regarding the other elements of its claims for indirect infringement and willfulness-based enhanced damages similarly ignore the Complaint's failure to plead requisite facts relating to the Patents-in-Suit and instead improperly focus on the Emsculpt device.  For example, unable to dispute that the Complaint failed to plausibly plead that Defendants acquired knowledge of the ***Patents-in-Suit*** and of their ***alleged infringement***—prerequisites for those claims—BTL instead relies upon allegations relating to Defendants' purported knowledge of the Emsculpt product.  Because BTL fails to identify adequate

1

factual allegations regarding the Patents-in-Suit, its Complaint should be dismissed in its entirety.

## II. ARGUMENT

### A. BTL Fails To State A Claim For Induced Or Contributory Infringement Or For Willfulness-Based Enhanced Damages.

#### 1. BTL Fails To Plausibly Plead Underlying Direct Infringement.

BTL does not and cannot argue that its Complaint contains factual allegations "connecting the accused product to the claim elements," as required to plausibly plead direct infringement. *SuperInterconnect Techs. LLC v. HP Inc.*, No. 19-169-CFC, 2019 WL 6895877, at *2-3 (D. Del. Dec. 18, 2019). Instead, BTL argues—contrary to this Court's recent precedents—that allegations untethered to the claim elements are sufficient. (Opp. 10-15.) But BTL's arguments do not excuse its Complaint's complete failure to even mention any claim language from either Patent-in-Suit, let alone to connect that language to use of the accused devices.

Contrary to BTL's assertion that "the CoolTone[TM] product is configured to provide only three pre-set treatment protocols that directly map onto the claims of BTL's patents" (Opp. 1), its Complaint fails to include any such mapping or even to identify which of those protocols allegedly meet any asserted claim. BTL's Opposition wholly ignores the Complaint's lack of factual allegations related to the requirements in each exemplary claim for either: (i) generating a magnetic field

2

with a specific "magnetic flux density," or (ii) applying a particular "magnetic fluence."  In fact, BTL's Opposition omits claim language that requires a particular magnetic fluence. (*Compare* Opp. 15 ("claim 1 of the '634 patent recites . . . 'wherein the time-varying magnetic field is applied to the body region . . . sufficient to cause a muscle contraction in the body region.'"), *with* claim 1, '634 Patent ("**applying a magnetic fluence of 50 T cm2 to 1,500 T cm2** to the body region, wherein the time-varying magnetic field . . .").)[1]  Similarly, regarding the accused CoolSculpting® device, BTL fails to address the lack of factual allegations relating to the temperature requirements of the exemplary claims. (*Compare* Opp. 14 (citing Complaint ¶ 49), *with* claim 14, '293 Patent (requiring "a temperature between 10° C. and -15° C").)

Because BTL's conclusory allegations comparing the accused CoolTone™ device to its own Emsculpt product are untethered to the asserted ***claims*** of the Patents-in-Suit, they are insufficient to plausibly plead direct infringement. (*See, e.g.,* Opp. 14); *Recro Gainesville LLC v. Actavis Labs. FL, Inc.*, No. 14-1118-GMS, 2017 WL 1064883, at *11 n.3 (D. Del. Feb. 24, 2017) ("It is error for the court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment . . . the only proper comparison is with the claims of the patent.") (quotation omitted); *SuperInterconnect*, 2019 WL 6895877,

---

[1] Emphasis added unless otherwise noted.

at *2-3. Nor is the allegation that the CoolTone™ device identifies the Emsculpt in a regulatory filing sufficient to allege infringement. *The Johns Hopkins Univ. v. Datascope Corp.*, 543 F.3d 1342, 1348 n.3 (Fed. Cir. 2008) ("FDA equivalence [between products] is irrelevant to patent law because it involves fundamentally different inquiries").

BTL attempts to excuse its pleading deficiencies by arguing that under *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018), it need ***not*** allege specific facts nor explain ***how*** the accused devices allegedly infringe. (Opp. 10-11.) As this Court has explained, however, the holding in *Disc Disease* is limited to "cases that 'involve[ ] a simple technology.'" *Boston Scientific Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 490 n.2 (D. Del. 2019) (citing 888 F.3d at 1260); *see also Genedics, LLC v. Meta Co.*, No. 17-1062-CJB, 2018 WL 3991474, at *12 n.15 (D. Del. Aug. 21, 2018) (same). As BTL admits, this is not such a case. (Opp. 12.) Indeed, unlike the claim limitations in *Disc Disease*, BTL's exemplary claims require particular electromagnetic and other measurements that cannot be discerned from mere pictures of accused devices. 888 F.3d at 1260.

BTL's reliance on *Boston Scientific* is similarly misplaced. (Opp. 12.) In *Boston Scientific,* this Court found one count of direct infringement adequate because it included ***specific*** factual allegations that, if taken as true, established

4

that each element of an asserted claim was present in the accused system. 415 F. Supp. 3d at 490-91. BTL fails, however, to allege such facts.[2] For example, BTL fails to allege any facts to show that use of the CoolTone™ device meets the specific numerical ranges of electromagnetic forces claimed in the Patents-in-Suit.

Because BTL's Complaint fails to plausibly allege direct infringement, its claims for indirect infringement and willfulness-based enhanced damages should also be dismissed. *Modern Telecom Sys., LLC v. TCL Corp.*, No. 17-583-LPS-CJB, 2017 WL 6524526, at *4 (D. Del. Dec. 21, 2017).

### 2. BTL Fails To Plausibly Plead The Requisite Knowledge For Indirect Or Willful Infringement.

The Complaint's failure to plausibly plead that Defendants had knowledge of the Patents-in-Suit or of their alleged infringement also warrants dismissal of all claims.

---

[2] In each of the other cases upon which BTL relies, the plaintiff—unlike BTL—alleged facts that gave notice of *how* the accused product met claimed limitations. *Express Mobile, Inc. v. Liquid Web, LLC*, Nos. 18-1177-RGA et al., 2019 WL 1596999, at *1–2 (D. Del. Apr. 15, 2019) (finding complaint "sets out copious descriptions of each claim of the asserted patents allegedly infringed by Liquid Web with reference to webpages"); *Align Tech., Inc. v. 3Shape A/S*, 339 F. Supp. 3d 435, 444 (D. Del. 2018) (finding complaint provided examples demonstrating that aspects of the accused products met "requirements of the representative claim"); *Election Sys. & Software, LLC v. Smartmatic USA Corp.*, No. 18-1259-RGA, 2019 WL 1040541, at *2 (D. Del. Mar. 5, 2019) (finding complaint "pleaded sufficient facts" to show "requested features" would meet the claim limitations); *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 469-70 (D. Del. 2016) (finding complaint identified products performing the same unique function as method claims).

First, BTL fails to identify any allegations in the Complaint that support a reasonable inference that Defendants knew of the Patents-in-Suit prior to the Complaint. Instead, BTL argues that its allegations regarding Defendants' purported "knowledge of the patented Emsculpt device and Allergan's efforts to compete" establish the requisite notice. (Opp. 18 (citing Complaint ¶¶ 36, 40, Exs. 17, 23).) As an initial matter, the exhibits upon which BTL relies—marketing materials that allegedly "directly compare[] the infringing features of the CoolTone[TM] product to the Emscupt device" (Opp. 18)—actually ***differentiate*** the CoolTone[TM] device. (Complaint, Exs. 17, 23.) In any event, allegations that Defendants were aware of BTL's Emsculpt product are insufficient to create an inference that Defendants knew of the Patents-in-Suit. *See MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232-33 (D. Del. 2012).[3,4]

---

[3] The cases upon which BTL relies do not hold otherwise. *Align*, 339 F. Supp. 3d at 447-48 (acknowledging that none of the facts alleged—including the allegation of "pre-suit knowledge of a directly competing product in a small market with few competitors"—"standing alone makes a finding of pre-suit knowledge plausible"); *California Inst. of Computer Assisted Surgery Inc. v. Med-Surgical Servs., Inc.*, No. C 10-05067 CS, 2011 WL 672709, at *4 (N.D. Cal. Feb. 16, 2011) (plaintiff "provided actual notice to Defendants, asserting its rights to the patented technology").

[4] BTL also argues, citing *Novatel Wireless, Inc. v. Franklin Wireless Corp.*, that Defendants' knowledge can be "inferred from BTL's website giving notice that the Emsculpt device ***may*** be subject to one or more U.S. or foreign patents or pending applications." (Opp. 16-17 (citing Complaint ¶ 56; No. 10cv2530-CAB (JMA), 2012 WL 12845615, at *2–3 (S.D. Cal. July 19, 2012).) But the *Novatel* complaint alleged that plaintiff marked its products and listed the asserted patent numbers on

Second, BTL does not dispute that the Complaint lacks allegations that Defendants knew of their alleged infringement before this suit. Nor does BTL dispute that its claims for induced and contributory infringement each require both "knowledge of the patent in suit *and knowledge of patent infringement*" or that willful infringement requires that "the operative pleading allege[] facts of knowledge of the patents *and infringement*." *Boston Scientific*, 415 F. Supp. 3d at 491; (Opp. 22 (citing *id.* at 495).)[5] Because the Complaint fails to plausibly plead that Defendants knew (or should have known) of the alleged infringement prior to this suit, its indirect infringement and willfulness-based enhanced damages claims are insufficient on that basis alone.[6]

---

the products' website. 2012 WL 12845615, at *2–3. While BTL's website currently identifies other U.S. patents as covering its Emsculpt device, it ***does not*** identify the Patents-in-Suit. (Ex. 1.)

[5] Indeed, BTL does not argue that any of its allegations—including its allegations of a German inspection proceeding initiated by a foreign entity (not the plaintiff or the assignee of the Patents-in-Suit) regarding German Utility Models (not the Patents-in-Suit)— plausibly imply that Defendants "knew or should have known that [their] conduct amounted to infringement of [the Patents-in-Suit]" as required for willful infringement. *VLSI Tech. LLC v. Intel Corp.*, No. 18-966-CFC, 2019 WL 1349468, at *1 (D. Del. March 26, 2019); (Opp. 16-18, 22; *see* D.I. 16 at 13-14, 16, 21.)

[6] Contrary to BTL's argument, post-suit knowledge alone cannot support its claims for indirect and willful infringement. (Opp. 16, 22); *VLSI*, 2019 WL 1349468, at *2 (dismissing enhanced damages claims based solely on allegations of post-complaint knowledge because a "complaint itself cannot serve as the basis for a defendant's actionable knowledge"). Moreover, because the Complaint fails to provide "factual allegations regarding how [the accused devices] are said to

7

### 3. BTL Fails To Plausibly Plead The Additional Elements Of Induced And Contributory Infringement.

BTL argues that it adequately pled the requisite specific intent to induce infringement by alleging that Defendants encourage the use of the CoolTone™ device "in the customary and intended manner, which results in infringement because of the way Allergan has configured the three pre-set settings on the CoolTone[TM] product." (Opp. 6 (citing Complaint ¶¶ 47, 48, 52, 38, 57).) As explained above, however, the Complaint does not allege that use of any of those three "pre-set treatment options" actually meets the limitations of any claim. Nor are BTL's allegations that Defendants advertise the use of CoolTone™ in conjunction with CoolSculpting® sufficient because the Complaint does not allege that any such advertising encourages the use of those devices *in an allegedly infringing manner*. (Opp. 19-20.) Indeed, unlike the plaintiff in *BioMérieux, S.A. v. Hologic, Inc.*, upon which it relies, BTL does not point to any label or instruction that, if followed, would result in infringement. No. 18-21 (LPS), 2018 WL 4603267, at *5 (D. Del. Sept. 25, 2018). Thus, BTL fails to adequately plead specific intent to induce infringement.

---

infringe the [Patents-in-Suit] when utilized by the respective alleged direct infringers," it does not support an inference of post-suit knowledge of infringement. *Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, No. 13-2052-LPS, 2014 WL 4675316, at *5 (D. Del. Sept. 19, 2014).

8

Regarding contributory infringement, BTL does not dispute that the Complaint's sole allegation is its formulaic recitation that "the CoolTone[TM] device lacks a substantial non-infringing use," but instead argues that no supporting factual allegations are required. (Opp. 20-21 (citing Complaint ¶¶ 62, 68, 56).) Unlike BTL's Complaint, however, the cases upon which BTL relies all involved factual allegations regarding the accused products that supported the alleged lack of substantial non-infringing uses. *See Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1357 (Fed. Cir. 2018) ("Nalco explicitly pled facts to show . . . that MerSorb and S–Sorb were especially made or adapted for infringing [the asserted patent]."); *Rhodes Pharm. L.P. v. Indivior, Inc.*, No. 16-1308, 2018 WL 326405, at *9 (D. Del. Jan. 8, 2018) (complaint alleged that prescribing information infringed "by *requiring* that Suboxone Film be administered" as claimed). Moreover, BTL's assertion that CoolTone[TM] may be used in an infringing manner "both when it is used with and without the CoolSculpting[®] product" (Opp. 21), does not remedy its failure to plausibly allege that CoolTone[TM] can *only* be used in an infringing manner.

> **B.    BTL Lacks Standing Because The Exclusive License It Relies Upon Is Invalid For Lack Of Consideration.**

In an attempt to show that it possesses standing as an exclusive licensee to bring this case on its own, BTL proffers a purported exclusive license agreement (the "License") that allegedly "transferred all substantial rights in the patents to

9

BTL." (Opp. 8; Ex. 1.) However, that License cannot confer standing because it is invalid for lack of consideration.

Under ▓▓▓▓▓ law, a binding, enforceable contract requires mutual consideration. *See Brewster Wallcovering Co. v. Blue Mountain Wallcoverings, Inc.*, 864 N.E. 2d 518, 532 n. 35 (Mass. App. 2007).[7] The License ▓▓▓▓▓ ▓▓▓▓▓ ▓▓▓▓▓ ▓▓▓▓▓ is insufficient to establish that consideration was actually received by the licensor. *Street Search Partners, L.P. v. Ricon Intern. LLC*, C.A. No. 04C-09-191-PLA, 2006 WL 1313859, *5 (Del. Super. Ct. May 12, 2006).[8]

Because BTL's License is invalid for lack of consideration, it cannot transfer all substantial rights in the patents as required to confer standing here. *See, e.g., Visioneer, Inc. v. KeyScan, Inc.*, 626 F. Supp. 2d 1018, 1025-27 (N.D. Cal. 2009) (licensee lacked standing where the oral exclusive license agreement was void).

---

[7] BTL's License is ▓▓▓▓▓ ▓▓▓▓▓ (Opp., Ex. 1 ¶ 8.1.)

[8] ▓▓▓▓▓ cases finding sufficient consideration included more than boilerplate recitations that the licensor received "good and valuable consideration." *See, e.g., Mullins v. Colonial Farms Ltd.*, 95 Mass. App. Ct. 1105, *3 (2019).

10

## III. CONCLUSION

For the reasons set forth in Defendants' Opening Brief and herein, the Court should dismiss BTL's Complaint.

<div style="float:right">

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

*Attorneys for Defendants*

</div>

OF COUNSEL:

Justin P.D. Wilcox
Kerri-Ann Limbeek
Karl Mullen
Jun Tong
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400

May 18, 2020

11

## WORD COUNT CERTIFICATION

The undersigned counsel hereby certifies that the foregoing document contains 2,486 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font.  The word count includes only the body of the brief.  The word count does not include the cover page, tables of contents and authorities, or the counsel blocks.

*/s/ Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)